The first of the cases this morning, United States v. Hernandez, et al. May it please the Court, Ashley Litwin on behalf of all appellants who have ceded their time today. The District Court did not have jurisdiction over any of the appellants at trial, when they were convicted, or as we stand here today. And that's because under the Maritime Drug Law Enforcement Act, or the MDLEA, jurisdiction of an international vessel is given in only one of two ways, if it's a stateless vessel, or if the flag nation consents to jurisdiction. And in our case, the government and the District Court relied upon a certification of the Secretary of State's designee in order to find that it was a stateless vessel, even though there were material misrepresentations in this certificate that were brought to the attention of both the government and the District Court pretrial. And these material misrepresentations went to the heart of whether or not this was a stateless vessel, which was the reason that the Court had subject matter jurisdiction. The District Court in its analysis erroneously found that the certification was effectively conclusive proof of jurisdiction, and that the defendant couldn't inquire into the factual underpinnings. What do you suppose the Congress of the United States meant when it said that the response of a foreign nation to a claim of registry is proved conclusively by certification of the Secretary of State or the Secretary's designee? What did Congress mean, and that wasn't in the original draft of the MDLEA, so the statute changed, and Congress changed the words to say that the Secretary of State's certification conclusively proves the response of the foreign nation. Yes, Your Honor. I think it means exactly what it says, that only the response of the foreign nation is conclusively proved by the certification. If Congress had wanted to say jurisdiction is conclusively proved by the certification, it would have said so. If it was conclusively proved by the certification, it would have said so, but it didn't. And looking in the legislative history, it explains to us why that is. It was that the government, the United States government, was being forced to bring in certifications from foreign governments or other papers in order to establish that what the foreign government said they said was true. So what is put to an end in the debate by the certification? So what is put to the end is that if... That is to say, it's irrebuttable. You can't go back and challenge it. So, Your Honor, I don't believe... Congress wanted to put an end to something. What is it that they put an end to? They wanted to put an end to the fact that if the United States government walked into a court with only this certification, that the response of the foreign government would be conclusively proven. In other words, they didn't have to bring in any corroborating documents in order to establish that the government said what they said. But there was never in the legislative history, nor in our cases, has said that somebody can't ask questions as to what our own agents said, that those statements... If a foreign nation says, we can neither confirm nor deny the claim that the vessel is registered under our sovereign state, what does that mean? What is the effect of saying that? So, if there was no challenge to the certification... I'm not asking you that question. What does it mean if a foreign government says, we can't confirm this is one of our vessels? It means that the foreign government has said that it... Doesn't that make the vessel stateless? Once the district court would make a finding as to jurisdiction, it would find that it was stateless. Your Honor, I think that if you look at a certification in a vacuum, if someone comes into district court with this certification, as in all the cases cited to by the government, the defendant can't say, I want additional corroborating evidence to prove that that's what the government of Haiti said. But in every case, including the one that we cited to in the supplemental authority, Wiltshom... If we can neither confirm nor deny, doesn't that make the vessel stateless? No, Your Honor, it doesn't automatically make the vessel stateless. Why not? Because there could be... Well, first of all, as in our situation, it can't automatically become stateless because there were misstatements in the certification, which led to that statement by Guatemala, where they neither confirm nor deny it. So notwithstanding making it, excuse me, conclusive, you can go behind it and establish that it's rebuttable? I think the statements... The answer is yes or no. Can you go behind it and rebut it? Well, Your Honor, parts are rebuttable and parts are not. The statement of Guatemala, where they can neither confirm nor deny, that is not rebuttable. But the statements made by the Coast Guard, those are rebuttable. The certification doesn't... Could I follow up with that series of questions and maybe state it in a slightly different way? You could say that in terms of ultimate truth, this was registered in Guatemala. But what the statute seems to be doing is to try to take out... To determine whether the United States, the State Department, and its international relations wants to fight this issue or not. And so the statute provides that if the State Department basically determines that they're going to defend this if there's any international protest from Guatemala, and they make that kind of a certification to the court, then the court just sort of stops thinking about those kinds of issues and just makes sure that the formal requirements of the statute are met. Seems to me that reading of the scheme protects all the interests that Congress is trying to protect in the statute. Without getting into some sort of esoteric analysis of whether in truth it was registered in Guatemala. If the United States certifies that the statutory words are met here, that's a way for the United States, that's the way for Congress to say if this is something that the State Department is willing to defend, we're not going to deal with that in the courts. We're just going to say it's conclusive. Seems to be the way that it reads. I understand you could sort of parse it in sort of a very nuanced technical way. But it wouldn't really be serving that purpose of the statute to... Take certain aspects of these kinds of situations and just... And not have the court have to deal with them. Does that make sense? Well, Your Honor, I understand what you're saying. But the cases have been very clear to say, first of all, that a defendant does have a right under the MDLEA to establish whether or not there's jurisdiction over that. Well, certainly does. But if one of the ways of establishing it is to challenge whether there has been a certification or whether the certification contains words that are the same as the statute provides, that would be a challenge to the jurisdiction. He has a power to challenge the jurisdiction. But the statute creates the jurisdiction by saying certain aspects of whether you have jurisdiction are conclusively determined by the certification. So you could still consistently with cases saying you get to challenge jurisdiction, sure, you can challenge jurisdiction. But the way the government shows jurisdiction is to show I have a certificate. So all you're left with is challenging whether there's a certificate that meets the requirements of the statute. And as Judge Marcus suggests, it seems literally to track the words of the statute, doesn't it? The certification? Well, no, Your Honor, because the statute says that the response of the foreign government is what's conclusively proven. I don't think it's parsing words to say that just because the certification conclusively proves the response of the foreign government that therefore it should not conclusively prove jurisdiction or it should not conclusively prove stateless. Well, but it says it proves conclusively the response of the foreign nation. And if the response of the foreign nation does not affirmatively and unequivocally assert that the vessel is of the nationality, then the statute provides that there is jurisdiction, right? So if the certification says this does not affirmatively and unequivocally assert the vessel is of the nationality, that's tracking the words of the statute, doesn't it? Your Honor, no, I don't believe so. Because if the words of the statute had meant what the government is intending them to mean, then there would never be anybody that would, a defendant would never be able to go into court, A, to contest jurisdiction at all, nor would... Well, I don't see why that is. They can just say there's no certificate. Well, then an Article III judge who was given information to show that the certificate was false on its face, right, which is what happened in this situation, wouldn't be able to use its Article III obligations to determine whether or not there was subject... Well, but if the statute is constitutional in referring that determination to the executive branch, you could argue that it's not, I suppose. But if it's constitutional to defer that decision to the executive branch, then it's consistent with Article III just to look at the superficial determination of whether it meets those requirements. I mean, we had for a year, for generations, that foreign sovereign immunity was determined by the executive branch. And the law was, you have to defer to that, period. You couldn't look and see whether it was really sovereign immunity or sovereign immunity under international law because the law was you just defer to that. Nobody said that violated Article III. This statute specifically gives jurisdiction to the district court to make a preliminary finding of jurisdiction in a different part of the statute. So this isn't something where... But why can't you say that, this is what I'm puzzled by your argument, why can't you say determining jurisdiction means determining whether there's an effective certificate? Because then that's what the statute would have said. It would have said that a certification is conclusive proof of jurisdiction, but it doesn't. It's the response of the foreign nation. Let me ask it this way. I was looking at the certification from the commander of the Coast Guard, Salvatore Fazio, and he has a variety of things that he says. And at the penultimate line, he says, after having requested the government of the Republic of Guatemala to confirm or deny the vessel's registry, and if confirmed, grant permission to board and search the vessel, he says, quote, the government of the Republic of Guatemala responded that it could neither confirm nor deny the claim that the GOFAS vessel was registered in Guatemala, and then D, accordingly, the government of the United States has determined that the vessel was without nationality in accordance with Title 46, et cetera, rendering the vessel subject to the jurisdiction of the United States. Why does that not comply with the command of Congress? Because... And thereby, ineluctably leave the court to conclude that there was jurisdiction. Your Honor, because then it goes to the district court, and the district court has to look at the certification and make a determination if it's sufficient to find subject matter jurisdiction, but because there's a material misstatement in that document, right, a statement saying that there were no registration documents when there were registration documents on that boat, which we know because the Coast Guard turned them over to defense counsel, and unlike the other cases in this district, like Wilchelm, which this... Well, that's before we get to Wilchelm. We have a case called Campbell. You looked at that one, I'm sure. Yes, Your Honor. Right? In Campbell, the defendant argued the district court lacked subject matter jurisdiction under the MDLEA because the Secretary of State's certification did not contain any details about the communication between the Coast Guard and Haiti, and the government offered no corroboration to the certification. We construed the statute in its current form and said, and I quote, the MDLE provides that the certification is conclusive proof of a response to the claim of registry, and then we held that the Secretary of State's certification therefore provided conclusive proof that the vessel was within the jurisdiction of the United States. Didn't require anything else, didn't require us to go behind, didn't admit of the possibility that maybe they're proceeding in bad faith, didn't examine the question of whether they had told the foreign sovereign the truth, the whole truth, and nothing but the truth? Well, Your Honor... What about Campbell? Is Campbell not controlling? Well, Campbell is very distinguishable, Your Honor, because in Campbell, the defense... The answer is no, it's not controlling? It is not controlling, because in that case, the defendant stipulated to all the facts in the certificate being true. If the defendant had said, everything the Coast Guard said happened, happened. They were only asking for separate corroborating documentation... Of course, the language of the panel is a whole lot broader than that. Well, Your Honor, I went back to look into the briefs as to... No, no, no, I'm talking about the briefs can say anything they want. The language of the holding couldn't have been clearer and couldn't have been broader, could it? Well, Your Honor, the language of the holding discusses the fact that the defendant stipulated to all of the facts in it. It does explain that first. And I would agree that if everybody thinks that with everything the Coast Guard did is correct, you cannot look at the certification, right? Because then the certification, you're only dealing with what happened from the foreign government... The statute should be read to say, notwithstanding conclusively proven, it should say conclusively proven unless there's an underlying challenge to the disclosure to the foreign sovereign by the Coast Guard. No, Your Honor, I think it should stay as it is, which is conclusively proven. It conclusively proves the response of the foreign nation, but it does not conclusively prove the facts stated by our own foreign government, who we've always been able to call into question, which is why in Wiltrom, which is the only case where this court, where the exact statements here, right, that there were no registration documents, even though evidence showed that there were, this court engaged in the analysis. Even though the government made all the same arguments that it's making here today, this court implicitly said that a defendant can challenge those statements. And the court went to materiality. Of course, it depends on how you read Wiltrom. The court said, even if you do it, you lose. Well, yes, Your Honor, and that... No, Your Honor, it doesn't say it was obliged to, but it does engage into the analysis. It goes in, it never makes a mention of the fact that this is not something a court could do. And it discusses the fact that, A, there's conflicting evidence in that case as to whether or not there actually was a misstatement, where in our case, it's very clear the government's never conceded there wasn't conflicting evidence. And then second... It's a different statute. It's a different certification under the statute, though, isn't it? I mean, there was no question that it was a nationality of whatever it was, the Bahamas in that case. Yes, I mean, I think it's a different issue in that case, which is why it wasn't material. It's a different statutory provision. I mean, it's kind of similar, but it's a different statute. The statute we're dealing with talks about the response of a foreign nation to a claim of registry under 1A or 1C, which is not what that case involved, correct? Yes, Your Honor, there were different ways to have jurisdiction under the MDLEA. One is if it's stateless, and then the other is if the flag nation consents to jurisdiction. So in there, which is why this misstatement wasn't material, because in that case, the country had already consented... Had already confirmed registration and consented to jurisdiction, whereas in our case, registration documents are highly material, because in our case, Guatemala hadn't confirmed registration. And then when we, when defense counsel sent those documents to Guatemala, they did confirm registration. I'd like to... Well, you have reserved your rebuttal, and we'll give you that. Thank you. You were answering our questions.  Good morning, and may it please the court. Lisa Miller, on behalf of the United States, joined at council table by AUSA Dan Matzkin, who wrote the brief, and AUSA Yvonne Rodriguez-Shack, who tried the case. It is particularly significant to the government that all cases before the 1996 amendment to the MDLEA, through Campbell, through the president, are consistent on one point, and that is that the point of the jurisdictional requirement in the MDLEA was as a diplomatic courtesy to foreign nations to maintain international comity. It was enacted to protect the flag nation's interests, and not meant to create rights for the defendant, or enacted out of concern for the defendant. And the cases are consistent with that congressional purpose, which has been longstanding. Over time, Congress has only made it easier and easier for the United States to obtain jurisdiction in these international narcotics trafficking cases. In 1996, a statute, notably, was amended to remove the question of subject matter jurisdiction from being an element proved to the jury, to the exclusive province of the judge. And it was in 1996 when Congress first used the proved conclusively language. Of course, then, it was only applied to a situation where a denial of a claim of registry by a foreign nation could be conclusively proved by a certificate. Are you saying he has no standing to challenge the issue? The government is, in this case, saying on these facts, essentially, defendant has no standing because it is a claim of international law. The appellants do repackage their argument as a statutory challenge. So he's left without any way to raise the claim that the court is without jurisdiction? On the facts here, Your Honor, the government would say that there is no remedy. Well, there's a claim of statelessness. You'll go to the foreign government. The foreign government says, we don't know. They can never challenge it in any way? Well, in other facts, facts not present here. I mean, suppose there's no certification. Sure. If there's no certification, the government has the burden of proving jurisdiction. No, no, no. Why would they have the burden of proving anything if they have no standing to raise a claim? Sorry, Your Honor. I may have been unclear earlier. The appellant and defendants always have the ability to challenge subject matter jurisdiction, and it's the government's burden to prove that. They don't have standing here. So in a constitutional sense, they can raise the claim that there's no subject matter jurisdiction. Correct? Correct. So then in what sense are we using the word standing? Is this like statutory standing? Is that what you're talking about? Yes, Your Honor. So- Of course, the Supreme Court's told us unambiguously that once we get into the realm of statutory standing, we kind of mix up the meaning of the concept. That we really ought to be asking, does it state a claim? If they're harmed, if their interests are immediate and concrete, I'm at a loss to understand why they wouldn't have the right to get up in a court of law and say, Judge, you don't have the power to adjudicate this claim. You are without subject matter jurisdiction. Sure, and 7050- Do they have the power to do that? Are they free to do that? Not in this case because of subsection 70505 of the MDLEA, which says that a person charged with violating this chapter essentially does not have standing to raise a claim of failure to comply with international law as a basis for a defense. Now, the government understands that here, the appellants are careful to characterize their claim as something other than a challenged international law. But essentially what they're saying is that the government committed a fraud on Guatemala. Some protocol in place with Guatemala was violated because certainly the statute itself and Campbell don't require certifications to say what was communicated to a foreign nation. But they're saying here, the communication to the foreign nation was somehow improper or dishonest. The government says factually, that's not true in any event. But if we're focusing on their argument and assuming it's true for the purpose of disposing of it, assuming that's true, any remedy would lie in the hands of Guatemala. They could issue a diplomatic note or take it up with the State Department. But it's not in the defendant's hands to- So help me understand if you would, Ms. Miller, what kind of standing they have to raise a claim that the court was without the power to adjudicate the case. They can bring that sort of claim by challenging whether the government met its burden of proof of establishing jurisdiction. But because the certificate by law is conclusive proof, they can't bring- Well, how can they do that if a person doesn't have standing to raise a claim of failure to comply with international law? Well, for example, if there was no certificate at all, if the government was just putting on testimony from a Coast Guard officer, but no certificate from a specifically designated person from the State Department were created, there could be a hearing where the Coast Guard officer might- Would they have standing then? They would, because they have standing to challenge whether the government has satisfied its burden of proof of proving subject matter jurisdiction under the statute. But to the extent they're saying that you didn't follow the protocol in place with Guatemala, or you lied to Guatemala, that's not a claim they can raise. But they can say, government, you must put on some proof of what you did and what the response of the foreign country was. And that's what happened here. Moreover- Could I ask a question? Of course. I'm candidly pretty much persuaded by the argument that there is jurisdiction here subject to one argument that I think the other side makes. And it's an argument that's passed all this standing business. And it just gets to these two provisions of the statute. One is the operative provision, which is D1C, and says, a vessel aboard which the master makes a claim of registry, which is the case here, right, and for which the claim nation of registry does not affirmatively or unequivocally assert that the vessel is of its nationality. So the issue is, for that provision, is whether those words are met, right? And then you have the next sentence, which is sub 2, which says, the response is proved conclusively by certification. It doesn't say the contents of the response. It just says the response. So their argument, I took it, I'm not sure that's exactly what their argument, but I took the argument to be, the content of the response is proved by the certification. And, but the court has to determine whether that content meets the standard contained in D1C. Whereas your argument is, no, not only the content of the response, but whether that content meets the standard of D1C are both proved conclusively by the certification. Are you with me? I'm with you. So if you buy their argument, there's room for argument by them that the certification accurately characterized what the response was, but wasn't binding with respect to whether that met legally the legal standard contained in D1C, right? And to be fair, the literal words of the statute, I'm not sure compel that, although it's a little hard for me to see what it means if it doesn't mean that. So what's your response to that? My response to that is that factually here, because the words of the certificate do say the foreign nation could not confirm or deny the registry claim, we go from 70502D2 to 70502D1C, which specifies... Just because the words tracked in the two... Because the words are tracked. The words tracked. But we have areas of the law where sometimes you can have words and say that in one context, they mean one thing, but in other contexts, they mean something else. But in this context, the government would emphasize, it's clear that the response was Guatemala could not confirm or deny statehood. Thus, by operation of law, essentially, that response qualifies... So even though we may know as a factual matter that it's not the case, the fact that it's proved conclusively you're saying is just a way for the statute to move this to the international plane and get it out of the way of the district court to try the person. Correct. And I would add that cases such as the Mitchell... Is that right or wrong? That's right. And I would add... But you could make all that argument without getting into standing. Because there is standing to make certain kinds of arguments, but they're precluded because this provision says conclusive, and conclusive means what you say it means, and that furthers the purpose of the statute. That's correct, Your Honor. I mentioned standing because it is in 70505. I understand. It's an argument that kind of gives color to the overall scheme. I'm just concerned that it may be you get into a quagmire when you start talking about standing. Certainly. I also think it's significant that in cases that the defense sites as well, the Bustos-Youseki case from the Fifth Circuit, for example, there is mentioned that a challenge to the legitimacy of the content, which truly is what this is, the legitimacy of the content, that is a claim of international law, at least according to the Fifth Circuit's decision making, as well as... Let me ask it this way. You answered the question. I thought it was a strong answer to say that the language of the certification was in parimateria with the statutory language in the previous sentence. What if it wasn't? What if the language arguably did not affirmatively or unequivocally assert, but arguably didn't, and there was a legal argument as to whether it actually tracked it sufficiently? Then they'd be able to challenge that, wouldn't they? They'd have standing, whatever that means, to challenge that, all right? Because it goes to jurisdiction, not to the ultimate international law issue. It goes to whether the statute in that circumstance said this is something that the court will decide or something that the State Department will decide. But when you would say the certificate itself tracks it in this way, we have to read it that way. That's correct, Your Honor. In other cases, I believe Welchcomb, if my memory serves, there are some cases in which there's a dispute about, does the certification language closely enough track the statute? The Eleventh Circuit has held in some cases that it doesn't have to be tracked. But Welchcomb is an interesting case. The statutory is not exactly the same statute we're talking about here. Correct. But let's hold that aside for the moment. In Welchcomb, it's true that the district court went behind it and evidence to go in to look at this question of bad faith, didn't they? Well, in terms of bad faith there, the ultimate holding, the court didn't address the issue. Even though the United States raised the same arguments and the same precedent. Right. But the court didn't say in Welchcomb, conclusive proof, end of story, goodbye, you can't go behind it, that's what Congress meant. Rather, they said you could go behind it. Your Honor is absolutely correct. I don't read the opinion to say you can't go behind it. How do you read that in pari materia with how you would have us read the statute and what we said earlier in Campbell? No question in Campbell, we talked of conclusive proof, that was the end of it. In Welchcomb, albeit in a slightly different context in terms of the procedure and the statute, the district court was not satisfied with the State Department's certification from the Coast Guard, allowed them to go behind it, and then reached a determination, made a finding, and we said, yeah, that's right, and affirmed. We didn't say district court didn't have to engage in that kind of analysis at all. End of story, there's a certification, it tracks the statute, goodbye, there's jurisdiction, it's a preliminary issue for the district court to resolve, it's not an element of the crime, it's not something that goes to the jury. How do you deal with that? Certainly. In Welchcomb, the facts were parallel to the older Tinoco case where factually it simply wouldn't have mattered because the issue there was the painted number on the vessel, the painted registration number in Welchcomb, the same as the number in the registration documents that were allegedly concealed in bad faith from the foreign nation there, the Bahamas. So there, the court's holding, the government reads it was mostly premised on the fact that they didn't need to really reach it on the law, since factually it would make no difference and not move the needle. So the government doesn't read this court's opinion in Welchcomb as specifically commenting on or construing the propriety of the district court's choice to address the challenge of bad faith. But we could well have said district court had no business going into that at all. Certainly the court could have. Conclusive means conclusive. It means irrebuttable, end of story. Evidence so strong as to overbear any evidence to the contrary. That's what Black's Law Dictionary says, and it's what Mitchell Hunter said in the First Circuit. And the government would admit it's wrong. One reason not to do that is that would have been a broader holding. Maybe in Welchcomb, we just made a narrower holding just to not decide something we didn't need to decide. That would not be binding then on us, right? Yes. And the government would submit that it is dicta. It would be dicta. And in any event, Campbell would control as the earlier case, would it not? Yes, Your Honor. That's absolutely correct. So another point, though, the government did want to address is the contention that there is a material misrepresentation in the certification in the first instance. Here, the certification, the statement that is challenged is that, quote, no registration documentation was provided to or located by United States law enforcement personnel, end quote. And that's from docket entry 68-1, the certification. The government is not conceding that that's even a false statement here, or that that statement was ever conveyed to Guatemala. The record is silent as to what was actually conveyed to Guatemala. The appellants make much of saying Guatemala was misled, but there's absolutely nothing in the record saying that a statement that was false was ever conveyed to Guatemala. It's just not clear. And there's no reason to remand to get more clarity in that point for the reasons I've already articulated. But it's significant that the documentation that was found is documentation called a ZARP. And that is a registration documentation. It simply shows the last port the ship was at. And this ZARP did not even have the names of the defendants on it. And it was from 2012 when the boat was stopped in 2013. So factually, the government would also say that there was no material misrepresentation here. If the court has any further questions, I'm happy to address them. No, thanks very much. Thank you for your time. May it please the court. The government's interpretation of the statute would create an absurd result where just because there's a certification out there that tracks the language of the statute, there's automatically jurisdiction. For example, the Secretary of State's designee could have contacted Haiti. And Haiti could have neither confirmed nor denied registration, even though everyone on the vessel said that it was registered in Guatemala. And all the evidence at trial shows that everyone on the vessel claims registration in Guatemala. But the certification tracks the statute, right? The certification says neither confirmed nor denied. So therefore, it automatically would become a stateless vessel. That would create an absurd result, which is why all the courts are saying... Why couldn't Congress say in its own wisdom, we do not choose to give you the opportunity to go behind the certification. We accept the good faith of the Secretary of State and the good faith of the Coast Guard, which is the designee of the Secretary of State. And we're not going to allow these cases to break down into debates about the nicety of what the Coast Guard said to the foreign sovereign. If there is a certification, that's the end of it. As far as we're concerned in the aggregate, that yields the result we want. And we're happy to say under those circumstances, the vessels are stateless. Why couldn't they reach that determination? In a particular case, maybe they might have made a mistake. In the aggregate, maybe they didn't. But don't they have the constitutional power to do that? Or are you saying that there's some violation of the Constitution? Because we've already upheld the constitutionality of this statute. I am by no means, Your Honor, saying that the statute is unconstitutional in this moment. Why couldn't they not do what I just suggested? You may say to me, that's not what they did do. But let's hold that aside. Why couldn't they do that and simply say, we're going to rely upon the certification of the rebuttable story over as to jurisdiction? Because once they gave jurisdiction to the district court to find, to make sure that there was subject matter jurisdiction as a preliminary matter, then evidence which would contradict the district court simply has to make a technical review to see whether the T's were crossed and the I's were dotted. No more than that. But Your Honor, a technical review or a review would include if there was a misstatement on the face of the certification. We're not asking this court to go behind the certification, right? The cases discussed, for example, Campbell, was asking the court to go behind the certification because in Campbell, they had stipulated to all the facts by the Coast Guard. We're discussing the same thing that happened in Wilchelm, where it's a statement on the face of the certification that was false. And I think therein lies the difference. But isn't proved conclusively language that you would use when you were trying to avoid arguments that the statement, that a statement is false? I mean, why else would you, if, if you did, if it didn't, if, if proved conclusively didn't cover false statements, then what, what does it accomplish? Well, Your Honor, it's the statement is what we need to focus on. Because again, we're not saying that the response of the foreign nation was false. And that's why it says the response of the foreign nation is proved conclusively. And we know the reason for this looking at the legislative history. I mean, if you're talking about your, your Haiti example, I mean, I think there's room in here to say the response of a foreign nation means the nation that we're talking about. But the only reason we would know it's the nation we're talking about is if the defendant was able to bring in evidence to show separately what they said to the Coast Guard would be something that lived outside of the certification. My point is only that the certification in of itself doesn't create jurisdiction. A district... Well, I'm not so concerned about whether it creates jurisdiction. It's the ultimate issue. I'm concerned about whether it meets the requirements of D1C. But Your Honor, under my... D1C, the test is, did the vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation, so it's the nation, claimed nation of registry, that's the nation we're talking about, quote, does not affirmatively or unequivocally assert that the vessel is of its nationality. That's the test. You can say, well, that's jurisdiction and indirectly it is, but that's the test. You agree with that, right? Yes, Your Honor. That's the test. So the issue from my perspective is who gets to apply that test? Who gets to see whether this item fits that statutory standard? And you could read, I can see that you could read this in a very technical way to say this doesn't give the Secretary of State the power to apply that test, but that's a pretty technical, unlikely reading of this. It doesn't make sense to have it read that way, but it makes perfect sense to read it the way that the government suggests, which is the Secretary is thereby removing, is willing to defend it, even if it's indefensible, the Secretary is willing to defend it in international discourse. So it's district court, you're done. Well, Your Honor, but they gave the district court jurisdiction to look at this and the- Right, but they gave it to look at it subject to the fact that certain facts are conclusive. Yes, Your Honor, but the certain facts is just the response of the foreign nation. And in no case that has been brought before where a defendant has said that there was a material misstatement by our own government, by the United States Coast Guard, has this court found that we couldn't look at that. And the legislature- Why is that any different from saying it wasn't affirmative or it wasn't equivocal? Because we have no issue with what Guatemala stated at that time, right? They neither confirmed nor denied registration. We agree that's proved by the certification, but what's not proved is subject matter jurisdiction because the certification on its face shows that there was- I don't see why this wouldn't apply if we were talking about a hostile nation and the Secretary of State just lied and said they did it when they didn't. Why wouldn't that be- But conclusively proved, that's the statutory language to mean we assume as a matter of law that that's true even though it's not. That's what the words mean, right? Yes, Your Honor. If the Secretary just lied and said that the nation said something that they didn't, that would still be conclusively proved. But I don't think that- It's hard for me to see when they make that statement and it's based on inadequate evidence that it's not conclusively proved. Well, Your Honor, it would be conclusively proved by the certification, but I don't think that that means that the district court doesn't have an Article III obligation to- No, I'm just- What we're focusing on, counsel, is what exactly is the nature of the district court's obligation to determine whether he has certification. And the question boils down to whether it's enough. For the judge to look at the nature of the certification and the declaration from the Secretary of State or his designee which says, I contacted the foreign sovereign and the foreign sovereign said it could not answer the question. It wasn't declaring that this was a vessel registered under the sovereign power of the State of Guatemala. He's got to do something. The question is how much he's got to do. That's really where the debate comes down. Yes, Your Honor, and if something- And your answer is it's not enough for him to just do that. If you come back and say, there's a failure here in the nature of the disclosure to the foreign sovereign. They didn't tell them X, Y, and Z, whether it was the time, the location, what they were told on to make the declaration. That's what it boils down to. No, Your Honor, I'm not going that far. I'm not saying that- Seems to me that's necessarily where you have to go in order to prevail. No, Your Honor, because I'm saying on the face of the certification that was given to the district court in this case, there was a misstatement. The certification itself said that no registration documents were possessed when we know that they were. So, Your Honor, in your example, you're going behind the certification to say, who did you speak to? What was communicated? You're looking for corroborating evidence, and that's not what we're asking for. We are saying that if the certification put before the district court has a misstatement that's material, goes directly to whether or not the court actually has subject matter jurisdiction, that under the statute and under Article III, the district court needs to look at that. Thank you. Thank you very much. Thank you both. We'll proceed to the next.